FILED
SUPERIOR COURT
OF GUAM

2026 MAY -7 AM 10: 49

CLERK OF COURT

By:_____

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| FRANCIS SHANE NAVARRO,<br><br>Plaintiff,<br><br>vs.<br><br>HYUN JOO NAVARRO,<br><br>Defendant. | DOMESTIC CASE NO. <u>DM0230-25</u><br><br>**DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR ADMISSION PRO HAC VICE AND GRANTING LIMITED DISCOVERY RELIEF** |

Defendant Hyun Joo Navarro moves the Court for admission pro hac vice of her attorney, Ronald "Chip" Herrington, Esq. Plaintiff Francis Shane Navarro opposes the motion. Hyun also filed a Motion to Extend Scheduling Order Deadlines that raised issues concerning discovery. After reviewing the filings and the record, the Court GRANTS the pro hac vice motion and addresses the remaining discovery dispute raised in the scheduling order motion.

## I.   <u>BACKGROUND</u>

Francis and Hyun married on June 25, 2009, in Las Vegas, Nevada. V. Compl. Divorce (June 25, 2025); Aff. of Hyan [sic] Joo Navarro (July 23, 2025). Francis filed his Complaint for Divorce in the Superior Court of Guam on June 25, 2025. He alleged that the parties separated in Hawaii on August 31, 2018, and that the marital estate includes a house in Alaska and a Thrift Savings Plan. V. Compl. Divorce (June 25, 2025).

At a motion hearing on August 15, 2025, Attorney Herrington appeared by Zoom and noted his co-counsel's presence, Attorney John Grow. Hr'g at 2:01 PM (Aug. 15, 2025).


ORIGINAL

Attorney Herrington told the Court he expected to complete his pro hac vice application within three weeks. *Id.* at 2:04 PM.

On July 30, 2025, the real estate agent handling the Alaska property sale emailed Attorney Grow and asked that the proceeds from the sale be placed in his trust account according to the request of both parties. Pl.'s Opp'n Mot. Admis. Pro Hac Vice, Ex. 2 (Feb. 5, 2026). Attorney Grow responded immediately and consented, although his email account displayed the name, "Davida Williams." *Id.* The proceeds were later transferred to Attorney Grow's trust account on August 9, 2025. *Id.,* Ex. 3.

At a scheduling conference on October 15, 2025, Attorney Herrington again appeared for Hyun, along with Attorney Ray Haddock of Guam. Hr'g (Oct. 15, 2025). Attorney Herrington told the Court that he had not yet filed his pro hac vice application because he had only then secured local counsel. *Id.* at 10:08 AM. Attorney Haddock entered his appearance on November 4, 2025. Entry of Appearance (Nov. 4, 2025). Attorney Herrington did not file the present pro hac vice motion until January 26, 2026. Def.'s Mot. Admis. Pro Hac Vice (Jan. 26, 2026). On February 2, 2026, Hyun moved to extend the scheduling order deadlines, explaining that the delay in Attorney Herrington's admission had affected local counsel's ability to participate fully in discovery. Mot. Extend Scheduling Order Deadlines (Feb. 2, 2026).

Francis opposed both motions. As to pro hac vice, he argues that the record was unclear regarding the relationship between Attorneys Herrington and Grow, that Attorney Grow's use of the name "Davida Williams" added confusion, that the attorneys' addresses did not align, and that Attorney Grow held the Alaska sale proceeds in trust in Alabama. Pl.'s Opp'n Mot. Admis. Pro Hac Vice. As to the request concerning the schedule, Francis argued that Hyun did not act diligently before the discovery deadline and had not shown good cause to extend the schedule.

ORIGINAL

*Id.* In reply, Hyun further argued that Francis had not provided initial disclosures and had withheld information concerning his military retirement benefits. Def.'s Reply in Supp. Mot. Extend Scheduling Order Deadlines (Mar. 6, 2026).

On March 31, 2026, the Court vacated the April 1, 2026 status hearing and all trial and pretrial deadlines, which rendered moot the request to modify the schedule itself. Order (Mar. 31, 2026). The parties' dispute regarding the retirement-related discovery, however, remained unresolved.

## II.    DISCUSSION

### A.  Pro Hac Vice

Rule 8.01(e) of the Guam Rules Governing Admission to the Practice of Law requires an out-of-state attorney seeking admission pro hac vice to provide specified information, including the attorney's residence and business address, the client's contact information, the jurisdictions of admission, disciplinary history, prior Guam pro hac vice applications, familiarity with Guam rules, and the name and bar information of sponsoring Guam local counsel. The rule further provides that admission ordinarily should be granted unless the court finds a basis for denial, such as prejudice to the administration of justice, prejudice to other parties, risk of inadequate representation, or repeated appearances amounting to regular practice in Guam. Guam R. Governing Admis. to Prac. L. 8.01(e); *see also In re United States*, 791 F.3d 945, 957 (9th Cir. 2015) (a denial of pro hac admission "must be based on criteria reasonably related to promoting the orderly administration of justice" and must articulate a reasonable basis for denial).

Attorney Herrington's application states that he is admitted in Alabama and Mississippi, remains in good standing in both jurisdictions, has never been suspended or disbarred, has not previously sought pro hac vice admission in Guam, and has associated local counsel admitted in

ORIGINAL

Guam. On this record, the only omission appears to be Hyun's full contact information. *See* Guam R. Governing Admis. to Prac. L. Appendix A to Rule 8.01(e)(1).

Francis's objections do not establish a substantive rule-based defect in Attorney Herrington's application. The concerns he raises about Attorney Grow, the Alabama trust account, the "Davida Williams" email display name, and the internal division of labor between Attorneys Grow and Herrington do not show that Herrington personally fails to satisfy Rule 8.01. The application before the Court is Attorney Herrington's—not Attorney Grow's—and the relevant question is whether he has met the admission requirements for this case. *See* Guam R. Governing Admis. to Prac. L. 8.01. The Court remains concerned about the lack of clarity surrounding Attorney Grow's role in the Alaska-sale proceeds, but that concern does not justify denying Attorney Herrington's application on the present record.

The Court therefore GRANTS Attorney Herrington's application for admission pro hac vice, conditioned on prompt submission of his client's full contact information, as required by Rule 8.01. Admission pro hac vice is a privilege, not a right, but the record here does not support denial under the governing rule.

### B. Discovery Concerning Military Retirement Benefits

Because the Court later vacated the existing trial and pretrial deadlines, the portion of Hyun's motion seeking an adjustment to the scheduling order no longer requires decision. What remains is the parties' dispute over whether Francis must provide discovery and Rule 26 information concerning his military retirement benefits. The Court therefore turns to that narrower issue.

Initial disclosures under Rule 26(a)(1) must be made without awaiting a discovery request and must include the identity of persons likely to have discoverable information and

ORIGINAL

documents the party may use to support claims or defenses. GRCP 26(a)(1). Hyun argues that Francis has not provided initial disclosures and has withheld information about his military retirement benefits, which she contends are a significant marital asset subject to equitable division. Def.'s Reply Supp. Mot. Extend Scheduling Order Deadlines. Francis responds that Hyun served written discovery too late and that no further relief should be granted. Pl.'s Opp'n Mot. Extend Scheduling Order Deadlines.

The Court does not find a basis for broad additional discovery. The record reflects delay in seeking relief connected to Attorney Herrington's admission, and that delay does not justify reopening discovery in general. But the military-retirement issue stands on a different footing. Hyun has identified a discrete category of financial information that appears to be within Francis's possession or control and that should have been disclosed in initial discovery; Rule 26 is designed to prevent surprise and permit fair preparation for litigation. On this record, limited additional discovery is appropriate.

The Court therefore will require any outstanding Rule 26(a)(1) disclosures to be served and will permit narrowly tailored discovery concerning Francis's military retirement benefits. The Court declines to grant broader relief or the evidentiary consequences requested in Hyun's Reply. Any future request for sanctions, exclusion, or other discovery relief must be brought by an appropriately supported motion under the Guam Rules of Civil Procedure.

## III.    ORDERS

1. Hyun Joo Navarro's Motion for Admission Pro Hac Vice of Attorney Herrington is GRANTED, conditioned on his submission of Hyun's complete contact information as required by Rule 8 of the Guam Rules Governing Admission to the Practice of Law.


ORIGINAL

2. Upon submission of the required information, Attorney Herrington may appear pro hac vice in this action, subject to all applicable rules, orders, and the continuing responsibilities of associated local counsel.

3. Hyun Joo Navarro's Motion to Extend Scheduling Order Deadlines is DENIED AS MOOT to the extent it sought modification of scheduling, trial, or pretrial deadlines.

4. To the extent Hyun Joo Navarro's Motion seeks relief concerning discovery related to Francis Shane Navarro's military retirement benefits, that request is GRANTED to the limited extent set forth herein.

5. Within 14 days of this Order, Francis Shane Navarro shall serve any outstanding initial disclosures required by Rule 26(a)(1), to the extent they have not already been served, and shall produce all non-privileged documents and information within his possession, custody, or control relevant to the limited military-retirement discovery authorized here.

**SO ORDERED, 7 May 2026.**

**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

Appearing Attorneys:
Daniel J. Berman, Esq., Law Office of Daniel J. Berman, for Plaintiff
Ray Cruz Haddock, Esq., Pacific Law Professionals, LLC, for Defendant

ORIGINAL